IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>    P.O. Box 710<br>    Tucson, AZ 85702,<br><br>        *Plaintiff*,<br><br>    *v.*<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>    1200 Pennsylvania Ave. N.W.<br>    Washington, D.C. 20460,<br><br>        *Defendant*. | Case No.: 21-cv-1015<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Freedom of Information Act, 5 U.S.C. § 552 *et seq.* |

## I.   INTRODUCTION

1.   Center for Biological Diversity (hereinafter "Plaintiff" or "the Center") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* On August 26, 2020, the Center requested through the FOIA public records from the United States Environmental Protection Agency (hereinafter "Defendant" or "EPA") concerning the pesticide product "Seresto," EPA registration number 011556-00155 (hereinafter referred to as the "FOIA Request," a copy of which is attached as Exhibit A). Seresto, developed by Bayer AG and sold by Elanco Animal Health Incorporated, is a flea and tick collar designed for use with domesticated pets, such as cats and dogs. The collar is linked to over a thousand pet deaths, tens of thousands of injured animals, and hundreds of adverse episodes in exposed humans. In all, EPA has received more than 75,000 incident reports related to Seresto collars through June

2020.[1]

2.      To date, EPA has not issued a timely or lawful determination on whether to comply with the Center's FOIA Request, nor has the Defendant released a single page of responsive records.

3.      EPA is unlawfully withholding from public disclosure information sought by the Center—information to which the Center is entitled and for which no valid disclosure exemption applies or has been properly asserted. In particular, EPA violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (**Count I**) failing to provide a timely and lawful determination on the Center's FOIA Request; (**Count II**) failing to conduct a reasonably adequate search that is calculated to locate all records responsive to the Center's FOIA Request; and (**Count III**) unlawfully withholding agency records responsive to the FOIA Request for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable, non-exempt portions of those otherwise exempt records.

4.      Prompt access to these records is necessary to effectuate FOIA's purpose of transparency, especially in light of the seriousness of the harms associated with Seresto use to the health of humans and their companion animals. The Center therefore seeks a declaration from the Court that EPA violated the response timelines of the FOIA, prejudicing the Center's timely access to agency records of public importance. The Center also seeks injunctive relief ordering EPA to conduct a reasonably adequate search for responsive records, to promptly release all non-exempt

---

[1] *See* Johnathan Hettinger, *Popular Flea Collar Linked to Almost 1,700 Pet Deaths. The EPA has Issued No Warning*, USA TODAY (Mar. 2, 2021), https://www.usatoday.com/story/news/investigations/2021/03/02/seresto-dog-cat-collars-found-harm-pets-humans-epa-records-show/4574753001/.

responsive records, and to promptly release all reasonably segregable, non-exempt portions of otherwise exempt records. Finally, the Center requests that the Court order EPA to pay its attorneys' fees and costs incurred in litigating this action to secure EPA's compliance with the FOIA.

## II.   JURISDICTION AND VENUE

5.   This Court has jurisdiction over the action pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(c)(i). This Court also has jurisdiction over the action under 28 U.S.C. § 1331 (federal question).

6.   This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

7.   Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III.   PARTIES

8.   Plaintiff Center for Biological Diversity is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 84,000 members. The Center and its members are harmed by EPA's violations of the FOIA, because these violations preclude the Center from gaining a full understanding of the approval and regulation of Seresto and its pesticide ingredients, including how those ingredients may impact the Center's members and the general public. Defendant's failure to comply with the FOIA thus impairs the Center's ability to provide full, accurate, and current information to the public on a matter of public interest.

9.   Defendant EPA is an agency of the United States government, within the meaning of 5 U.S.C. § 552(f), and has a duty to provide prompt public access to records in its possession, consistent with the requirements of the FOIA.

10. EPA maintains possession and control of the records requested by the Center in the FOIA Request.

## IV.   LEGAL FRAMEWORK

11. The FOIA requires U.S. government agencies to "promptly" make agency records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

12. The FOIA requires an agency to issue a determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

13. If an agency fails to provide a determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

14. The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C. § 552(a)(6)(B)(i).

15. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable search efforts" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

16.     In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

17.     Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

18.     An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

19.     In the event a FOIA exemption applies, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt[.]" 5 U.S.C. § 552(b).

20.     An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as the Center, fees "shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(E)(ii)(III).

21.     Agencies are prohibited from assessing search fees if the agency fails to comply the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

## V.     OPERATIVE FACTS

22.     The Center submitted the FOIA Request to EPA on August 26, 2020.

23.     The FOIA Request sought a waiver of all fees associated with processing the Request.

24. The FOIA Request seeks agency records from ten identified custodians containing the key words "Seresto," EPA registration number "011556-00155," or the keyword combination "imidacloprid" and "flumethrin." A copy of the FOIA Request is attached hereto as Exhibit A.

25. The Center has no commercial interest or value in records responsive to the FOIA Request.

26. The records requested by the Center are likely to contribute significantly to the public understanding of the operations and activities of the government as they pertain to the approval and regulation of Seresto and its pesticide ingredients, including how those ingredients may impact the Center's members and the general public.

27. The FOIA Request was received and acknowledged by EPA via email on August 26, 2020, and assigned tracking number "EPA-2020-006576."

28. EPA uses the multi-agency website "FOIAOnline.gov" for tracking and responding to FOIA requests. That website identified "September 28, 2020" as the estimated date of completion for fulfilling the records requested in the FOIA Request.

29. As of the date this Complaint was filed, the FOIAOnline.gov website still identifies "September 28, 2020" as the estimated date of completion for the FOIA Request.

30. On August 28, 2020, EPA informed the Center that the FOIA Request was "assigned for processing" to the Office of the Administrator FOIA Program.

31. On September 17, 2020, EPA informed the Center that the FOIA Request was being "reassigned" to the Office of Chemical Safety & Pollution Prevention FOIA Program.

32. To date, no further communication has been received by the Center from EPA about the FOIA Request.

33. To date, no updated estimated date of completion has been provided to the Center.

34. To date, EPA has not provided the Center with a timely and lawful "determination" that informs the Center of (1) EPA's determination of whether or not to comply with the FOIA Request; (2) the reasons for its decision; and (3) notice of the right of the Center to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

35. At no time has the EPA invoked the FOIA's "unusual circumstances" exception to the FOIA's twenty-day determination deadline.

36. To date, EPA has failed to issue a decision on the Center's request for a waiver of fees associated with the processing of the FOIA Request.

37. To date, EPA has not produced a single record responsive to the FOIA Request.

38. EPA has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

39. The Center has constructively exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

40. The Center has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## VI. CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO PROVIDE TIMELY AND LAWFUL DETERMINATION

41. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

42. The Center has a statutory right to have the FOIA Request processed by EPA in a manner that complies with the FOIA. The Center's rights in this regard were violated by EPA's failure to

provide a timely and lawful determination on the FOIA Request.

43. To date, the Center has not received any communication from EPA about whether the agency will comply with the FOIA Request, the agency's reasons for making that decision, and any right of the Center to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i).

44. Based on the nature of the Center's organizational activities, the Center will continue to employ the FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's response deadlines.

45. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Defendant will continue to violate the rights of the Center to receive public records under the FOIA.

46. Defendant's failure to make a timely and lawful determination on the Center's FOIA Request within the statutory timeframe has prejudiced the Center's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO CONDUCT REASONABLY ADEQUATE SEARCH FOR RECORDS

47. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

48. The Center has a statutory right to have EPA process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

49. EPA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA Request.

50. The Center has constructively exhausted its administrative remedies with respect to this claim.

51. The Center is entitled to injunctive relief to compel EPA to conduct an adequate search for records responsive to the FOIA Request.

52. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ the FOIA's provisions in record requests to EPA in the foreseeable future.

53. The Center's organizational activities will be adversely affected if EPA continues to violate the FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA Request.

54. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under the FOIA.

## COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

55. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

56. The Center has a statutory right to have EPA process the FOIA Request in a manner that complies with the FOIA. The Center's rights in this regard were violated when EPA failed to promptly provide public, non-exempt records to the Center, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

57. EPA is unlawfully withholding from public disclosure the records sought by the Center, records to which the Center is legally entitled and for which no valid disclosure exemption

applies.

58. The Center has constructively exhausted its administrative remedies with respect to this claim.

59. The Center is entitled to injunctive relief to compel production of all non-exempt, responsive records, including all reasonably segregable, non-exempt portions of otherwise exempt records.

60. Based on the nature of the Center's organizational activities, the Center will undoubtedly continue to employ the FOIA's provisions to request information from Defendant in the foreseeable future.

61. The Center's organizational activities will be adversely affected if Defendant is allowed to continue violating the FOIA's response deadlines as it has in this case.

62. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Defendant will continue to violate the rights of the Center to receive public records under the FOIA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

**1.** Declare as unlawful EPA's failure to make a timely determination on the Center's FOIA Request;

**2.** Declare as unlawful EPA's failure to conduct a reasonably adequate search for records responsive to the Center's FOIA Request;

**3.** Declare as unlawful EPA's withholding of the requested information and agency records for which no FOIA exemption has been claimed;

**4.** Order EPA to promptly conduct a search that is reasonably calculated to locate all

records responsive to the FOIA Request, with the cut-off date for such search being the date the search is conducted;

**5.** Order EPA to promptly provide the Center with all records sought in this action which are not subject to any FOIA exemption, including any reasonably segregable, non-exempt portions of otherwise exempt records;

**6.** Exercise close supervision over EPA as it processes the Center's request;

**7.** Award the Center its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

**8.** Grant any such further relief as the Court may deem just and proper.

Dated this 13th day of April, 2021.

Respectfully submitted,

/s/ Hannah Connor
Hannah Connor (DC Bar #1014143)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, Florida 33731
(202) 681-1676
HConnor@biologicaldiversity.org

/s/ Daniel C. Snyder
Daniel C. Snyder (OSB# 105127)*
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
(541) 344-3505
dan@tebbuttlaw.com
* *Pro hac vice* motion to be filed

*Counsel for Plaintiff*